IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY _____ D.C.
05 AUG 25 PM 2:09

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |
|---|---|
| DEMUS RICH and wife, MELBA RICH, individually and as Executors of the Estate of GARY BRIAN RICH, deceased,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF SAVANNAH, TENNESSEE, et al.,<br><br>    Defendants. | No. <u>1:02-1222 T/P</u> |

### ORDER DENYING PLAINTIFFS' MOTIONS TO EXCLUDE THE TESTIMONY OF GARY SHAFFER

Before the court is plaintiffs Demus and Melba Rich's Motion to Exclude the Testimony of Gary Shaffer, filed on May 13, 2005 (dkt #126). Defendants filed their consolidated response to this motion on June 2, 2005. This motion was referred to the United States Magistrate Judge for disposition.[1] Neither party has requested a hearing, and the court, having carefully reviewed the

---

[1] A Magistrate Judge's evidentiary determinations regarding expert testimony, even where they may ultimately affect the outcome of a claim or defense, are non-dispositive orders entered pursuant to 28 U.S.C. § 636(b)(1)(A). See <u>Lithuanian Commerce Corp. Ltd. v. Sara Lee Hosiery</u>, 179 F.R.D. 450, 456 (D.N.J. 1998) (citing <u>Ferriso v. Conway Organization</u>, 1995 WL 580197, at *1 (S.D.N.Y. Oct. 3, 1995)(unpublished)); <u>Jesselson v. Outlet Assocs. of Williamsburg, Ltd.</u>, 784 F.Supp. 1223, 1227-28 (E.D. Va. 1991)).

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on <u>8-25-05</u>



record, finds that the record before it is adequate and that no evidentiary hearing is necessary to decide this motion.[2]

For the reasons below, the motion to exclude Shaffer's testimony is DENIED.

## I. BACKGROUND

Plaintiffs Demus Rich and Melba Rich ("Plaintiffs"), as executors of the estate of their son Gary Brian Rich ("Rich"), filed this action pursuant to 42 U.S.C. § 1983, alleging that the City of Savannah, Tennessee, the Chief of Police of the Savannah Police Department ("SPD"), and seven SPD officers violated Rich's federal and state constitutional rights. Plaintiffs also assert a state law negligence claim.

This lawsuit arises from an altercation between Rich and SPD officers on August 24, 2001. On that date, SPD received an emergency phone call, in which the caller stated that a woman had been stabbed. Officers responding to the call found Amy Rich ("Amy") at her neighbor's home, where she was being treated by emergency medical service personnel for stab wounds. Amy informed the officers that she had been stabbed by her husband, Gary Rich. She indicated to the officers that she believed her husband was at

---

[2]The court is not required to conduct a hearing to determine whether a proposed expert's testimony meets the <u>Daubert</u> standards. <u>Nelson v. Tennessee Gas Pipeline Co.</u>, 243 F.3d 244, 248-49 (6th Cir. 2001) (finding no abuse of discretion by Magistrate Judge in not conducting hearing regarding admissibility of expert opinions).

2

their home.

SPD Officers Terry W. Hosea, T.J. Barker, Victor W. Cherry, and John Sylvester went to the Rich home, and found Rich sitting on his couch. Rich was holding a knife and did not respond to commands from the officers. The four officers then sprayed Rich with mace. The officers moved back outside the home and secured the perimeter. Along with Officers Tim Kelley, Larry Phelps, Allen Snelling, and a police canine, the four officers re-entered Rich's home and confronted him. Once again, Rich did not comply with the officers' demands, at which time they proceeded to restrain him. Plaintiffs allege that the officers first disabled Rich by spraying him with a fire hose, and then proceeded to beat, hit, kick, and force Rich into submission. Rich later died, and the plaintiffs claim that his death was a result of the officers' excessive force.

Plaintiffs' motion before the court seeks to exclude the testimony of defendants' expert witness, Gary Shaffer. Plaintiffs argue that this witness should be excluded from testifying at trial because he failed to "review and consider numerous important documents" in formulating his expert opinion, and thus his opinion does not meet the requirements of reliability set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Federal Rules of Evidence 702 and 703.[3] Specifically, the

---

[3]Alternatively, the plaintiffs ask that the court exclude those portions of his opinion that "are not based on a proper review of the facts."

3

plaintiffs assert that Shaffer - who is of the opinion that the defendants' conduct leading up to the death of Gary Rich was at all times proper, reasonable, and in accordance with state and federal law - failed to review and consider the following documents: (1) defendant Chief of Police Derr's deposition; (2) police reports filed by the other defendant officers shortly after the incident; (3) the Tennessee Bureau of Investigation's ("TBI") final report concerning the death of Rich and the depositions of TBI officers; (4) depositions of several witnesses to the incident; (5) defendant's various discovery responses; (6) exhibits to depositions; and (7) report and/or records concerning the training provided to the defendant police officers.

## II.  ANALYSIS

### A.  Legal Standard

Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

This standard essentially involves three elements. First, the expert must demonstrate to the trial court that he or she is qualified - "by knowledge, skill, experience, training or

4

education" – to proffer an opinion. Second, by referring to "scientific, technical, or other specialized knowledge," Rule 702 requires "evidentiary reliability" in the principles and methods underlying the expert's testimony. Third, the expert's testimony must assist the trier of fact in that the testimony must "fit" the facts of the case. See Pride v. BIC Corp., 218 F.3d 566, 577-78 (6th Cir. 2000); see also Daubert, 509 U.S. at 592-93 ("[T]he trial judge must determine at the outset . . . whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.").

"The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded." Fed. R. Evid. 702 advisory committee's notes.

As stated by the Third Circuit, proponents "do not have to demonstrate . . . that the assessments of their experts are correct, they only have to demonstrate . . . that their opinions are reliable . . . . The evidentiary requirement of reliability is

5

lower than the merits standard of correctness." In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 744 (3d Cir. 1994); see also Ruiz-Troche v. Pepsi Cola, 161 F.3d 77, 85 (1st Cir. 1998)("Daubert neither requires nor empowers trial courts to determine which of several competing scientific theories has the best provenance."). Several factors that the trial court may consider in analyzing the reliability of an expert's methods are: whether a method is testable, whether it has been subjected to peer review, the rate of error associated with the methodology, and whether the method is generally accepted in the scientific community. See Pride, 218 F.3d at 577.

In addition, the rejection of expert testimony is the exception rather than the rule, and "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." Fed. R. Evid. 702 advisory committee's notes (quoting United States v. 14.38 Acres of Land, 80 F.3d 1074, 1078 (5th Cir. 1996)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.

The proponent of the evidence has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence. See Fed. R. Evid. 104(a); Bourjaily v. United States, 483 U.S. 171, 175-76 (1987).

6

## B.  Gary Shaffer

The defendants have designated Shaffer, a retired police officer, as their expert who will testify that the defendants' conduct leading up to the death of Gary Rich was at all times proper, reasonable, and in accordance with state and federal law. According to the plaintiffs, the basis for their motion to exclude Shaffer's expert testimony is "that his opinions are not 'based upon sufficient facts or data,' as is required by Rule 702." (Plas.' Mem. in Support at 17). Plaintiffs argue that Shaffer's opinion, in order to be considered reliable, must be based on a review of "all the relevant evidence," and that his purported failure to consider all such evidence renders his opinion unreliable. (Plas.' Mem. in Support at 18).

Rule 702, however, does not require that an expert consider all relevant evidence. It only requires the expert's testimony to be based on sufficient facts and data to make the testimony reliable. See, e.g., Damon v. Sun Co., 87 F.3d 1467, 1475 (1st Cir. 1996)(finding that expert's testimony was based on sufficient facts even though there was no doubt that "more testing could have been done"). "When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on 'sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the

7

facts and not the other." Fed. R. Evid. 702 advisory committee's notes; see also Micro Chem., Inc. v. Lextron, Inc., 317 F.3d 1387, 1392 (Fed. Cir. 2003).

Shaffer reviewed the autopsy report and photographs, deposition of Dr. Cynthia Gardner, a scale drawing of the Rich house, the report of Plaintiffs' expert Fred Robinette, the SPD Standard Operating Procedures, and the TBI statements and depositions of a dozen individuals who were at the Rich house on the night of the altercation, including four of plaintiffs' civilian witnesses,[4] seven SPD officers,[5] and an emergency medical technician.[6]

Having reviewed Shaffer's report and deposition transcript filed with the court, this court concludes that Shaffer based his opinions regarding defendants' conduct leading up to the death of Gary Rich on sufficient facts and data as required under Rule 702. Because his opinions relate specifically to the officers' conduct, the statements and depositions of individuals who were at the Rich house on the night of the altercation are of particular importance. Shaffer's interpretation of the factual events is based on

---

[4]These witnesses are Jeremy Dean Blount, Gay Ray Lascano, Patrick Allen Moore, and Amber L. Doucette.

[5]These SPD officers include Captain Hosea, Sergeants Barker and Cherry, Officers Snelling and Sylvester, and Investigators Phelps and Kelley.

[6]The EMT is Larry McCasland.

8

sufficient evidence, even if the witnesses' accounts of what occurred at the Rich house differs.

The fact that Shaffer could have reviewed other materials in formulating his opinion does not disqualify him as an expert. To the extent that Shaffer did not review certain documents that provide information that is inconsistent with his opinion, the plaintiffs may certainly challenge Shaffer's opinion by vigorous cross-examination and the presentation of contrary evidence. See Daubert, 509 U.S. at 596; McReynolds v. Sodexho Marriott Servs., Inc., 349 F.Supp.2d 30, 42 (D.D.C. 2004)..

In the alternative, the plaintiffs assert that Shaffer is not qualified to testify about specific training that the defendant officers did or did not receive, or about the cause of Rich's death. With respect to training, it does not appear that Shaffer will testify about the specific training these defendant officers actually received. Defendants state in their response to this motion that Shaffer's testimony will not involve the training these officers received, but rather that an officer is adequately trained under Tennessee standards if the officer receives POST-certified training. (Defs.' Mem. in Opposition at 15). Similarly, according to the defendants, Shaffer will not testify about the cause of Rich's death. (Defs.' Mem. in Opposition at 16)("Shaffer readily acknowledges he is not qualified to opine about cause of Rich's death.") Instead, he will testify about the "likelihood of injury

9

to a suspect from various forms of restraint" and whether a hypothetical, reasonable officer would know that such restraints are likely to cause death. (Defs.' Mem. in Opposition at 16).

### III. CONCLUSION

For the reasons above, the motion to exclude Shaffer's testimony is DENIED.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

August 25, 2005
Date

10

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 170 in case 1:02-CV-01222 was distributed by fax, mail, or direct printing on August 25, 2005 to the parties listed.

---

Robert H. Watson
WATSON & HOLLOW , P.L.C.
1500 Riverway Tower
900 South Gay Street
Knoxville, TN 37901--013

James A. Hopper
HOPPER & PLUNK
P.O. Box 220
Savannah, TN 38372

John C. Duffy
WATSON & HOLLOW
P.O. Box 131
Knoxville, TN 37901--013

Fred Collins
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Andrew C. Clarke
BAILEY & CLARKE
6256 Poplar Avenue
Memphis, TN 38119

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Milton Dale Conder
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Honorable James Todd
US DISTRICT COURT