## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

DEMUS RICH and wife,
MELBA RICH, individually and
as Executors of the Estate of
GARY BRIAN RICH, deceased,

      Plaintiffs,

vs.

                                    NO. 1:02-1222
                                    JURY DEMAND

CITY OF SAVANNAH, TENNESSEE,
CHIEF OF POLICE DONALD DERR,
and Police Officers TIM KELLEY,
LARRY PHELPS, TERRY W. HOSEA,
ALLEN SNELLING, VICTOR W.
CHERRY, T. J. BARKER and
JOHN SYLVESTER, in their individual
and official capacities, and

      Defendants.

---

### JOINT PRE-TRIAL ORDER

---

      COMES NOW the parties, by and through their respective attorneys of record and pursuant to this Honorable Court's Order of Continuance dated June 24, 2005, and hereby submit the following Joint Pre-Trial Order:

#### **TRIAL DATE**

      Trial has been set in this matter for October 11, 2005, at 9:30 a.m. in Jackson, Tennessee.

1

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 10|3|05

## JURISDICTION

Subject matter jurisdiction over Plaintiffs' federal claims is undisputed. Defendants dispute subject matter jurisdiction, or in the alternative, assert the Court should decline to exercise jurisdiction, over Plaintiffs' state law claims.

## MOTIONS PENDING

1.  Motion for Summary Judgment filed by Defendant Donald Derr;

2.  Motion to Dismiss or for Summary Judgment filed by Defendant City of Savannah and Officers Sued in their Official Capacity;

3.  Motion for Partial Summary Judgment filed by Defendants Donald Derr, Tim Kelley, Larry Phelps, Terry W. Hosea, Allen Snelling, Victor W. Cherry, T. J. Barker and John Sylvester;

4.  Plaintiffs' Motion to Exclude the Testimony of Gary Vilke, M.D.; and

5.  Plaintiffs' Motion Plaintiffs' Motion in Limine to Preclude the Defendants from Offering Evidence Regarding Arrests, Convictions and/or Uncharged Prior Bad Actions of Gary Brian Rich.

## SUMMARY OF CASE AND CONTENTIONS OF THE PARTIES

On the evening of August 24, 2001, law enforcement officers from the City of Savannah Police Department (SPD) were dispatched to the scene of a stabbing in Savannah, Tennessee. Upon arrival, officers found Amy Rich being treated by EMS personnel for multiple stab wounds. Prior to being removed by ambulance, Amy Rich advised officers that her ex-husband, Gary Brian Rich ("Brian"), with whom she lived in the house next door, had stabbed her. SPD officers proceeded next door. The facts concerning the actions of Brian and the SPD Officers are vigorously disputed by the parties. During the course of Brian's arrest, Brian stopped breathing, lost consciousness, was treated at the scene by EMTs, then transported to Hardin County General Hospital. Several hours later, Brian was flown by helicopter to the Regional Medical Center in Memphis. However, Brian never regained consciousness, and ultimately expired on August 27, 2001.

2

As a result of this incident, the Plaintiffs filed the instant action against the individual Defendants alleging that their actions violated Brian's federal or state constitutional rights and was a proximate cause of his injuries and death. (See Counts I & IV of the Second Amended Complaint). In addition, the Plaintiffs allege that the policies, practices and customs of the City of Savannah exhibited deliberate indifference to the constitutional rights of citizens, including Brian, and was the moving force behind or a direct causal link between the Individual SPD Officers' violation of Brian's constitutional rights, and proximately caused Brian's death. (See Counts II & V of the Second Amended Complaint). Further, the Plaintiffs allege that Defendants attempted to cover up the facts of this incident, and thereby deprived the Plaintiffs constitutional right to seek redress from courts for the death of Mr. Rich. (See Count III & VI of the Second Amended Complaint). In the alternative, Plaintiffs allege that the conduct of officers of the City of Savannah was negligent under Tennessee law. (See Count VII of the Second Amended Complaint). Finally, the Plaintiffs alleged that the conduct of the individual Defendants during the course of this incident was wilful and wanton. (See Count VIII of the Second Amended Complaint). As a result of these allegations, the Plaintiffs seek all damages to which they may be entitled under both state and federal law as set forth in Paragraphs 36-38 of the Second Amended Complaint.

The Defendants deny all material allegations of Plaintiffs' Complaint. Defendants deny that any of the SPD Officers used excessive force in arresting Brian in violation of Brian's constitutional rights. Defendants deny violating the constitutional rights of Demus or Melba Rich to seek redress in the courts. Defendants deny liability to Plaintiffs under any and all bases alleged in Plaintiffs' Complaint, whether under federal or state law . Defendants further deny that any acts or omissions of the Individual SPD Officers or City policy-making officials proximately caused Brian's death or the injuries or damages alleged by Plaintiffs. The Individual Defendants assert that they are entitled to qualified immunity because their actions did not violate any constitutional rights of Plaintiffs, the

3

contours of which were clearly established by governing law existing in August 2001, such that they were on notice that their specific actions were unlawful.  The City of Savannah denies that any policy, practice or custom, attributable to final policy-making officials of the City amounted to deliberate indifference to the constitutional rights of citizens, or was the moving force of, or direct causal link behind any alleged violation of Plaintiffs' constitutional rights.  Further, the Individual SPD Officer Defendants filed and have pending Motions to Dismiss or for Partial Summary Judgment on various claims alleged in Plaintiffs' Second Amended Complaint, and the City of Savannah and Police Chief Derr filed and have pending Motion to Dismiss and/or Motions for Summary Judgment as to all Plaintiffs' claims.  Regardless of the rulings of this Honorable Court on said motions, Plaintiffs' claims against the Individual Defendants concerning whether their conduct violated Brian's constitutional rights through use of excessive force in effecting his arrest will be tried.

## STIPULATED FACTS

1. At all material times, the Defendants acted in the course and scope of their employment with the City of Savannah.

2. At all material times, Defendants acted under color of law as Savannah Police Officers.

3. This incident occurred on the evening of August 24, 2001, in Savannah, Tennessee.

4. Brian was born on June 1, 1973.

5. Brian expired on August 27, 2001.

6. On August 24, 2001, the day of the incident which is the subject matter of this litigation, Brian was involved in an incident with his ex-wife, Amy Rich.  As a result of this incident, Brian stabbed Amy Rich.

7. Plaintiff, Demus Rich, is the father of Brian, deceased, and an Executor of Brian's Estate.

8. Plaintiff, Melba Rich, is the mother of Brian, deceased, and an Executor of Brian's Estate.

4

9.  Brianna Rich is the daughter of Brian, deceased, and of Amy Rich. Brianna Rich Rich was born on October 9, 1992.

10. At the time of this incident, Brian and Amy Rich were divorced.

11. As a result of this incident, Brian was taken to the Hardin County General Hospital by ambulance. After being treated by medical personnel there, Brian was transported by helicopter to the Regional Medical Center at Memphis for further treatment. Brian remained at the Regional Medical Center until he expired on August 27, 2001.

12. At the time of the incident which is the subject matter of this litigation, Brian was under the influence of alcohol and cocaine.

13. Defendant Donald Derr was employed by the SPD, was appointed Chief of Police on November 20, 2000, and was Chief of Police at the time of this incident, August 24, 2001.

14. Defendant Terry Hosea was employed by the SPD as a Captain at the time of this incident.

15. Defendants Larry Phelps and Tim Kelley were employed by the SPD as Investigators at the time of this incident.

16. Defendant Victor Cherry was employed by the SPD as a Sergeant at the time of this incident.

17. Defendants T.J. Barker, John Sylvester and Allen Snelling were employed by the SPD as patrol officers at the time of this incident.

18. Brian incurred the following medical bills, stipulated as reasonable in amount and necessary for the treatment of Brian's injuries, and such bills, or itemization of such can be admitted into evidence:

    | | |
    |---|---:|
    | Hardin County EMS | $667.50 |
    | Hardin County General Hospital | $2,926.68 |
    | Air EVAC | $6,790.00 |
    | Charles Lull, M.D. | $148.00 |
    | The Med | $39,841.63 |
    | UT Medical Group - Dr. Boykins | $90.00 |
    | UT Medical Group - Dr. Croce | $145.00 |
    | UT Medical Group - Dr. Croce | $2,542.50 |
    | TOTAL: | $53,151.31 |

19. The funeral bills for burial of Brian totaled $7007.15 and were reasonable and necessary and can be admitted into evidence.

20.    At the time of the incident which is the subject matter of this litigation, the individual Defendants had received the training required by the Police Officers Standards and Training Commission in compliance with Tennessee law.

21.    At the time of the incident which is the subject matter of this litigation, the Defendants had probable cause to arrest Mr. Gary Brian Rich.

22.    The parties stipulate to the authenticity of the following documents and things produced during discovery and will not require the testimony of a records custodian for the entry of said documents into evidence. However, the parties reserve the right to object to the introduction of these documents and things on all other grounds including, but not limited to, relevancy, hearsay, prejudice, etc.:

1.    Autopsy Report and Photographs;
2.    Death Certificate;
3.    Photographs taken by SPD, Defendants and photographer, Danny Franks; aerial photographs disclosed during depositions, and copies or partial copies thereof made exhibits to witnesses' depositions;
4.    Photographs and Videotape taken by Plaintiffs; photographs and aerial photographs taken by Defendants that are not the subject of Plaintiffs' Motion to Exclude, the latter will be dealt with as the Court directs;
5.    Medical Records of Brian concerning this incident;
6.    Brian's Tax Returns;
7.    SPD Policy and Procedures Manual;
8.    Officers' training files and records thereof.

## PARTIES' STATEMENT OF CONTESTED ISSUES OF FACT

Except for the facts stipulated above, the parties contest any and all other facts concerning this incident, liability and damages.

## PLAINTIFF'S CONTESTED ISSUES OF LAW

1.    Did the actions of the Individual Defendants on the scene of this incident violate Brian's constitutional rights as set forth in the Second Amended Complaint?

2.    Did Chief Derr violate Brian's constitutional rights by failing to properly supervise and monitor his officers during this incident as set forth in the Second Amended Complaint?

3.    Did the Defendants violate the Plaintiffs' constitutional rights to access of courts or to seek redress for the unconstitutional actions of the individuals by failing to properly preserve evidence, filing false police reports and destroying evidence as set forth in the Second Amended Complaint?

6

4.      Did the City of Savannah maintain any policies, practices or customs in deliberate indifference to the rights of the public, including Brian and the Plaintiffs, which were an underlying cause of the injuries, damages and/or death alleged by the Plaintiffs in the Second Amended Complaint?

5.      Was the City of Savannah, by and through the actions of its officers, negligent and a proximate cause of any of the injuries, damages or death alleged by the Plaintiffs in their Second Amended Complaint?

6.      Were the actions of the Individual Defendants intentional, reckless, fraudulent, malicious or willful and wanton, entitling the Plaintiffs to an award of punitive damages as set forth in the Second Amended Complaint?

7.      What elements of damages are the Plaintiffs entitled to recover for the injuries, damages and/or death of Brian as set forth in the Second Amended Complaint?

8.      All issues raised by the parties in the pending motions may involve contested issues of either law or fact.

9.      Any and all other issues properly raised by the pleadings in this matter.

## DEFENDANT'S CONTESTED ISSUES OF LAW

1.      Are one or more of the Individual Defendants entitled to qualified immunity?

2.      Can police officers be held liable for damages for wrongful death of a suspect, as opposed to the pain and suffering of the suspect prior to death, where the suspect had minutes earlier stabbed and nearly killed his ex-wife, who is armed with a knife, under circumstances justifying the use of deadly force at various points in time within minutes of the suspect's death which occurs as part of a continuous sequence of events in the officers' efforts to apprehend the suspect, but the officers chose not to shoot or use deadly force upon the suspect at points where justified, succeed through risking their own lives to disarm the suspect using close, physical "hands on" contact, but, after disarming the knife from the suspect, could be found by a jury to have used excessive force upon, and unintentionally cause the death of the suspect through "compressional asphyxia"?

3.      Whether the Plaintiffs may maintain a claim against these Defendants for alleged violations of the Tennessee Constitution? (raised in summary judgment motions)

4.      Whether the Plaintiffs may maintain a claim against these Defendants under 42 U.S.C. § 1983 for the alleged loss of consortium and service of Gary Brian Rich and the loss of the right to familial association with Gary Brian Rich? (raised in summary judgment motions)

5.      Whether the court should exercise supplemental jurisdiction over the claims brought pursuant to the Tennessee Governmental Tort Liability Act? (raised in summary judgment motions)

6.    Any other issues raised in Defendants' motions for partial or complete summary judgment.

7.    Any and all other issues properly raised by the pleadings.

## PLAINTIFFS' EXHIBITS

Plaintiffs may use any or all of the following exhibits:

| | |
|---|---|
| 1. | Diagram - Demus Rich |
| 2. | Photograph - Inside of House After Incident |
| 3. | Photograph - Inside of House After Incident |
| 4. | Flyers Concerning Rally - To be attached |
| 5. | Letters to the Editor - To be attached |
| 6. | Flyer - CID # 168 |
| 7. | Letter to Editor - CID # 169 |
| 8. | Photo of Front of House |
| 9. | Chain of Events at Rich Domestic Call (2 pages) - Rule 26 # 18 |
| 10. | TBI Release/Receipt from Chief Derr re: Physical Evidence given to TBI - Rule 26 # 14 |
| 11. | Autopsy Report - Rule 26 # 15 |
| 12. | Death Certificate - Rule 26 # 22 |
| 13. | Officer on Duty Date of Accident - Rule 26 # 19 |
| 14. | TBI Phone Log - CID # 66-68 |
| 15. | SPD Standard Operating Procedure - Rule 26 # 17 |
| 16. | Complaint Card - Rule 26 # 1 |
| 17. | Dispatch Log - Rule 26 # 30 |
| | |

| 18. | Press Release Memo from DA Rice re: charges - Rule 26 # 21 |
|-----|---|
| 19. | Diagram of Floor Plan of Rich House - Rule 26 # 20 |
| 20. | Photographs to be Attached as CD - Rule 26 # 43 |
| 21. | Photographs to be Attached as CD - Rule 26 # 44 |
| 22. | Photographs to be Attached as CD - Rule 26 # 45 |
| 23. | Photographs to be Attached as CD - Rule 26 # 46 |
| 24. | Photographs to be Attached as CD - Rule 26 # 47 |
| 25. | Inv. Larry Phelps - Official SPD Police Report - Rule 26 # 6 |
| 26. | Inv. Larry Phelps - Interrogatory Responses |
| 27. | SPD 10-Code List of Service Calls |
| 28. | SPD Officer Call Numbers from Date of Accident |
| 29. | 6 Autopsy Photographs of Injuries to Rich - 29(a)-(g) |
| 30. | Sgt. Vic Cherry - Official SPD Police Report - Rule 26 # 11 |
| 31. | Sgt. Vic Cherry - Interrogatory Responses |
| 32. | Sgt. Vic Cherry - Training Certificates (collective exhibit) |
| 33. | Inv. Tim Kelley - Official SPD Police Report |
| 34. | Inv. Tim Kelley - Interrogatory Responses |
| 35. | Inv. Tim Kelley - Handwritten Training Courses |
| 36. | ATLA - Article |
| 37. | Robinette vs. Barnes, 854 F.2d 909 (6th Cir. 1988) |
| 38. | Off. T.J. Barker - Official SPD Police Report |
| 39. | Off. T.J. Barker - Interrogatory Responses |
| 40. | Off. T.J. Barker - Offense Report |

| 41. | Off. T.J. Barker - POST Training Academic Counseling Form |
|-----|-----------------------------------------------------------|
| 42. | Off. T.J. Barker - Oral Reprimand |
| 43. | Photograph - Knife Outside |
| 44. | Photograph - Knife Outside |
| 45. | Knife - 01404090-7 |
| 46. | Knife - 01404090-8 |
| 47. | Funeral Bill |
| 48. | MedVac Bill - Lien Release |
| 49. | Inv. Tim Kelley - POST Training Syllabus |
| 50. | Off. John Sylvester - Interrogatory Responses |
| 51. | Off. John Sylvester - Official SPD Police Report |
| 52. | Off. Allen Snelling - Official SPD Police Report |
| 53. | Off. Allen Snelling - Interrogatory Responses |
| 54. | SPD In-Service Training and Testing (1978-2003) |
| 55. | Gary Ray Lascano - Aerial Photo |
| 56. | Gary Ray Lascano - Photo from Hopper - #7 |
| 57. | Capt. Terry Hosea - Official SPD Police Report |
| 58. | Capt. Terry Hosea - Interrogatory Responses |
| 59. | Bruce Oakley - Aerial Photo |
| 60. | Sherry Averitt - Signature |
| 61. | Sherry Averitt - Handwritten TBI Statement & Affidavit |
| 62. | Patrick Moore - Overhead Photo Houses |

| 63. | Patrick Moore - Handwritten TBI Statement & Affidavit |
|---|---|
| 64. | Patrick Moore - Typed TBI Statement |
| 65. | Mary Melson - Overhead Photo Houses |
| 66. | Amber Doucette - Overhead Photo Houses |
| 67. | Amber Doucette - Diagram |
| 68. | Amber Doucette -Handwritten TBI Statement & Affidavit |
| 69. | Amber Doucette - Typed TBI Statement |
| 70. | Kimberly Gladish - Overhead Photo Houses |
| 71. | Jeremy Blount - Overhead Photo Houses |
| 72. | City of Savannah - Responses to Int. and Req. For Production - Collective Exhibit # 1 - Training Lesson Plans |
| 73. | City of Savannah - Responses to Req. For Admissions |
| 74. | Chief Derr - Responses to Req. For Admissions |
| 75. | Taser Receipt |
| 76. | TBI REPORT/FILE |
| 77. | Larry McCasland - Affidavit |
| 78. | Larry McCasland - Typed & Handwritten TBI Statement & Affidavit |
| 79. | Joseph Olmo - Affidavit of Joseph Olmo |
| 80. | Joseph Olmo - Typed & Handwritten TBI Statement & Affidavit |
| 81. | Fred G. Robinette - Expert Report (a) contract; (b) resume; (c) case list |
| 82. | IACP Model Policy - Use of Force |
| 83. | Gary Shaffer - Rule 26 Report |
| 84. | Gary Shaffer - CV |

| | |
|---|---|
| 85. | Gary Shaffer - Notes from Review of Depositions and Documents |
| 86. | John Cooper, M.D. - (a) Rule 26 Report (b) testimony; (c) publications; (d) fee schedule |
| 87. | Gary Vilke, M.D. - Rule 26 Report |
| 88. | Gary Vilke, M.D. - Correspondence |
| 89. | All medical records and bills of Gary Brian Rich relating to this incident and including, but not limited to, the following:<br><br>Hardin County EMS ................................................................. $667.50<br>Hardin County General Hospital ............................................... $2,926.68<br>Air EVAC ................................................................................ $6,790.00<br>Charles Lull, M.D. .................................................................. $148.00<br>The Med ................................................................................. $39,841.63<br>UT Medical Group - Dr. Boykins ............................................. $90.00<br>UT Medical Group - Dr. Croce ................................................. $145.00<br>UT Medical Group - Dr. Croce ................................................. $2,542.50<br>TOTAL: ................................................................................. $53,151.31 |
| 90. | All autopsy photographs of Gary Brian Rich and other documents maintained by the Shelby County Medical Examiner's Office and attached to the deposition of Cynthia Gardner, M.D. |
| 91. | Various Photographs of Gary Brian Rich and his family members |
| 92. | Rule 26 Expert Report of Charles Venus |
| 93. | Funeral Bills of Gary Brian Rich and including, but not limited to, the following:<br><br>Shackelford Funeral Homes ...................................................... $6,704.40<br>Memory Gardens of Hardin County, Inc. .................................. $439.95<br>TOTAL: ................................................................................. $7,144.35 |
| 94. | Memorandum from Chief Derr dated June 24, 2004, with attached invoices for uniforms, boots, batons, etc. ordered after this incident. |
| 95. | Videotape and Photographs of the home of Gary Brian Rich taken in August of 2001 |
| 96. | Resume of Gary Brian Rich |
| 97. | Tax returns of Gary Brian Rich |
| 98. | Dispatch Tapes of the night of the incident |

| 99. | All pleadings filed in this action including, but not limited to, Answers to the Complaints, all Rule 26(a) Disclosures and documents attached thereto, all discovery responses of the parties in this action and all documents and things produced by the Plaintiffs or Defendants during discovery |
| --- | --- |
| 100 | Personnel files of the Defendants produced in discovery |
| 101 | Plaintiffs reserve the right to use any exhibit identified by the Defendants in their exhibit list |
| 102 | Plaintiffs reserve the right to supplement this exhibit list after receipt of the exhibit list from the Defendants |
| 103 | Plaintiffs reserve the right to use and/or enter any such exhibits as may be necessary for impeachment or rebuttal |

## DEFENDANT'S EXHIBITS

| | | |
| --- | --- | --- |
| may | 1. | All Exhibits listed by any other party |
| will | 2. | Knives used by Gary Brian Rich (Exhibits 45 and 46) |
| will | 3. | Photographs of and around Rich house made by Savannah Police Department on 8/24/01 (Exhibits 20 (Rule 26 #43), 21 (Rule 26 #44), 22 (Rule 26 #45), 23 (Rule 26 #46), 24 (Rule 26#47)) |
| may | 4. | Photographs of and around Rich house in TBI file (Exhibit 76) |
| will | 5. | Original Photographs, aerial photographs and diagrams from depositions (22, 23, 24, 55, 56, 67, 71) |
| may | 6. | Original Photographs, aerial photographs and diagrams from depositions |
| will | 7. | Deposition of Cynthia Gardner, M.D. |
| will | 8. | Photographs of Rich house taken by Danny Franks |
| will | 9. | Blueprint/floor plan of Rich house prepared by David Cagle |
| may | 10. | Aerial photographs of Rich house and surrounding area |
| will | 11. | Asp baton |
| will | 12. | PR-24 baton |
| will | 13. | Officer John Sylvester's flashlight |

13

| | | |
|---|---|---|
| may | 14. | Excerpts of "An Ounce of Prevention," a publication by Plaintiffs' expert Fred Robinette |
| may | 15. | All officers' training file and records (Exhibit 4) |
| may | 16. | Flyers prepared by Demus and/or Melba Rich |
| will | 17. | Excerpts of Savannah Police Department Policy and Procedures (SDP) Manual |
| will | 18. | Medical records of Gary Brian Rich regarding drug addiction condition, treatment and results of same |
| will | 19. | Medical records of Gary Brian Rich regarding trips to or treatment at methadone clinic |
| will | 20. | Pair of handcuffs linked together |
| will | 21. | Rule 26 Report of Gary Shaffer |
| will | 22. | Rule 26 Report of Gary Vilke, M.D. |
| will | 23. | Rule 26 Report of Parker Cashdollar |
| will | 24. | Arrest/Conviction Records of Brian Rich |

## PLAINTIFF'S WITNESSES

Plaintiff will call:

1.  Plaintiffs Demus and Melba Rich;
2.  Amy Rich and Brianna Rich;
3.  Defendant Donald Derr;
4.  Defendant Tim Kelly
5.  Defendant Larry Phelps;
6.  Defendant Terry Hosea;
7.  Defendant Allen Snelling;
8.  Defendant Victor Cherry;
9.  Defendant T. J. Barker;
10. Defendant John Sylvester;
11. John Cooper, M.D.;
12. Fred G. Robinette;
13. Charles Venus;
14. Larry McCasland;
15. Gary Ray Lascano;
16. Patrick Moore;
17. Amber Doucette;

14

18.    Kimberly Gladish-Shelley;
19.    Jeremy Blount;
20.    TBI Terrill McClean;

Plaintiffs may call:

1.    TBI John Mehr;
2.    TBI Jack Van Hooser;
3.    Cynthia Gardner, M.D.;
4.    Joseph Olmo;
5.    Sherry Averitt-Cutshaw;
6.    Paul Rice;
7.    Any person identified in the TBI investigative file;
8.    Any person identified in the discovery responses of the Plaintiffs or Defendants;
9.    Plaintiffs reserve the right to call as a witness any person identified by the Defendants in their witness list;
10.   Plaintiffs reserve the right to add additional witnesses to their witness list after receipt of the witness list from the Defendants; and
11.   Plaintiffs reserve the right to call such other persons as may be necessary for impeachment or rebuttal.

Pursuant to F.R.C.P. 32, Plaintiffs may use the deposition testimony of the Defendants at the trial of this action as substantive evidence. In addition, Plaintiffs may use the deposition testimony of any of the witnesses as substantive evidence in the event they are unavailable or not subject to being compelled to testify at the trial of this action. Finally, Plaintiffs may use the depositions testimony of any witness for impeachment purposes.

## DEFENDANTS' WITNESSES

| may | All parties herein |
| --- | --- |
| will | Larry McCasland (EMT) |
| will | Casey Carroll (neighbor witness) |
| will | Anita Carroll (neighbor witness) |
| may | Kayla Darby (neighbor witness) |
| will | Gary Shaffer (Defendants' retained expert regarding law enforcement subjects disclosed in Rule 26 Report) |
| will | Parker Cashdollar, Ph.D. (Defendants' retained economist) |
| will | Gary Vilke, M.D. (Defendants' retained medical expert witness) |
| will | Danny Franks (photographer) |

| | |
|---|---|
| will | David Cagle (prepared to-scale floor plan/blueprint of Rich house showing line of sight visibility as he personally observed same) |
| may | Chris Franks (reserve officer) |
| may | Mark Kennedy (reserve officer) |
| may | Carl Thrasher (Savannah City Manager) |
| will | Cynthia Gardner, M.D. (by deposition) (performed autopsy) |
| will | Stephen Hudson (fireman present on scene) |
| will | John Mehr (T.B.I. supervisory agent) |
| may | Terrill McLean (T.B.I. agent) |
| may | Amy Rich (ex-wife of Gary Brian Rich) |
| may | Lisa Shaw (City of Savannah employee:  OSHA compliance) |
| will | John Overton (Assistant District Attorney assigned to Hardin County) |
| may | Joseph Peters, M.D. (primary care physician of Gary Brian Rich) |
| will | Cecil Sharp (eyewitness in yard next door) |
| will | Rickey Carroll (eyewitness in yard next door) |
| will | Chad Balentine (rebuttal witness) |
| | All witnesses listed by Plaintiffs |
| | Witnesses for rebuttal or impeachment, if necessary. |
| may | Clerk of General Session/Circuit Court of Hardin County |

**The parties reserve the right to call rebuttal and/or impeachment witnesses in addition to those listed above based on developments at trial.**

## LIKELIHOOD OF SETTLEMENT

At the present time, the possibility of settlement is unlikely.

## ANTICIPATED LENGTH OF TRIAL

It is anticipated that the trial will last 7 to 10 days, but will be dependent on the Court's rulings on pending summary judgment motions.

IT IS SO ORDERED this the 3ʳᵈ day of October, 2005.

James D. Todd
_____
JAMES D.  TODD
UNITED STATES DISTRICT JUDGE

Approved for Entry on 9/28/05:

_____
Andrew C. Clarke
Attorney for Plaintiffs

Fred Collins by acc
w/ exp perm
_____
Fred Collins
Attorney for Defendant City of Savannah

Robert Watson by acc
w/ exp perm
_____
Robert Watson
Attorney for all Individual Defendants

17

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 180 in case 1:02-CV-01222 was distributed by fax, mail, or direct printing on October 3, 2005 to the parties listed.

---

Andrew C. Clarke
BAILEY & CLARKE
6256 Poplar Avenue
Memphis, TN 38119

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Robert H. Watson
WATSON & HOLLOW , P.L.C.
1500 Riverway Tower
900 South Gay Street
Knoxville, TN 37901--013

Fred Collins
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

John C. Duffy
LAW OFFICE OF JOHN C. DUFFY
5410 Homberg Dr., Ste. 5
P.O. Box 11007
Knoxville, TN 37939

Milton Dale Conder
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

James A. Hopper
HOPPER & PLUNK
P.O. Box 220
Savannah, TN 38372

Honorable James Todd
US DISTRICT COURT